GEORGE S. CARDONA
Acting United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
KAREN I. MEYER (Cal. Bar No. 220554)
ELIZABETH R. YANG (Cal. Bar No. 196461)
Assistant United States Attorneys
Violent and Organized Crime Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-8559
     Facsimile: (213) 894-3713
     E-mail:    kim.meyer@usdoj.gov
                elizabeth.yang@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>        v.<br><br>CARL STEPHEN TISTHAMMER,<br><br>             Defendant. | CR No. 08-57(B)-CAS<br><br>[PROPOSED] FINDINGS AND ORDER RE: CONTINUANCE OF TRIAL DATE AND EXCLUDABLE TIME UNDER SPEEDY TRIAL ACT |

On December 8, 2009, the Court held a hearing on various motions filed by defendant Carl Tisthammer, pro se. After hearing argument and ruling on several of the motions, the Court inquired of the parties as to when they would be prepared to proceed to trial. Defendant responded that he wanted to proceed to trial as soon as possible after the previously set January 4, 2010 motions hearing, and asked for a trial date in February or early March 2010. The Court then set a trial date of March 9, 2010.

The following facts justify the continuance of the trial date ordered by this Court and a finding of excludable time under the Speedy Trial Act for the period from December 8, 2009, to March 9, 2010:

1. The indictment in this case was filed on January 16, 2008. Defendant Tisthammer first appeared before a judicial officer on December 18, 2007, when he made his initial appearance on a criminal complaint in this case. The Speedy Trial Act of 1974, 18 U.S.C. § 3161 et seq., originally required that the trial commence on or before March 26, 2008.

2. On January 22, 2008, defendant was arraigned on the indictment. Trial was set for March 11, 2008, at 9:30 a.m.

3. On March 7, 2008, a federal grand jury returned a first superseding indictment against defendant, charging him with production of child pornography, in violation of 18 U.S.C. § 2251(a), and possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).

4. On April 1, 2008, this Court issued an order finding the time period from March 10, 2008, to March 31, 2008, inclusive, to be excludable under 18 U.S.C. §§ 3161(h)(1)(F), (h)(8)(A), and (h)(8)(B)(iv), and the time period from March 31, 2008, to April 4, 2008, inclusive, to be excludable under 18 U.S.C. §§ 3161(h)(8)(A) and (h)(8)(B)(iv).

5. On April 2, 2008, this Court issued an order finding the time period from March 10, 2008, to May 6, 2008, inclusive, to be excludable time pursuant to 18 U.S.C. §§ 3161(h)(1)(F), (h)(8)(A) and (h)(8)(B)(iv).

6. On April 24, 2008, this Court issued an order finding the time period from May 6, 2008, to October 14, 2008, inclusive, to be excludable time pursuant to 18 U.S.C. §§ 3161(h)(8)(A) and (h)(8)(B)(iv).

7. On August 18, 2008, defendant filed the following motions: (1) Motion for Discovery of Investigation Materials, (2) Motion for Discovery of Grand Jury Minutes, and (3) Motion for Discovery of Search Warrant Activities, Execution and Returns.

8. On August 19, 2008, defendant filed the following additional motions: (1) Motion for Discovery of Superior Court of California Case Transcripts and Materials, and (2) Motion for Discovery of Department of Childrens [sic] Family Services Case Materials.

9. Defendant withdrew all of the above-referenced motions at a hearing that took place on October 1, 2008. At that same hearing, this Court granted defendant's request to continue the trial from October 14, 2008, to February 17, 2009, at 9:30 a.m., in part based on the necessity of hiring a computer forensics expert to examine the computer data in the case.

10. On October 20, 2008, this Court issued an order finding the time period from October 14, 2008, to February 17, 2009, inclusive, to be excludable time pursuant to 18 U.S.C. §§ 3161(h)(1)(F), (h)(8)(A) and (h)(8)(B)(iv).

11. On January 23, 2009, a federal grand jury returned a second superseding indictment against defendant, charging him with three counts of production of child pornography, in violation of 18 U.S.C. § 2251(a); four counts of receipt of child

pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A); and one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).

12. At a hearing that took place on January 26, 2009, defendant was arraigned on the second superseding indictment.

13. On February 5, 2009, a hearing was held at the request of defense counsel, Larry Bakman. Over the objection of defendant, defense counsel requested a continuance of the trial date to July 14, 2009, based on, among other things, the recent filing of the second superseding indictment and the administrative delay in securing approval of a defense application for funds for appointment of a computer forensics expert to examine the computer data relevant to this case.

14. Despite defendant's objection to his counsel's request for a continuance, defendant at the hearing reiterated that he wanted Mr. Bakman to continue representing him.

15. At the hearing on February 5, 2009, the Court determined that good cause existed for the requested continuance to July 14, 2009, based on defense counsel's need for additional time to prepare for trial, which included a forensic examination of the computers in this case pursuant to the provisions of the Adam Walsh Act.

16. On February 25, 2009, this Court issued an order finding the time period from February 17, 2009, to July 14, 2009, inclusive, to be excludable time pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i) and (B)(iv).

17. On May 27, 2009, defense counsel filed a Notice of Motion and Motion for Hearing on Defendant's Competency, noticing

4

a hearing with this Court.  On June 2, 2009, defendant filed <u>under seal</u> an Opposition to Defense Counsel's Request for Defendant Evaluation.

    18.  On that same day, May 27, 2009, defendant filed an Ex Parte Application to Relieve Defense Counsel and Designate Defendant Pro Se.

    19.  On June 8, 2009, defense counsel filed <u>under seal</u> Defendant's Motion to Continue Trial, Discovery and Motion Cut-Off Dates.

    20.  On June 15, 2009, this Court held a hearing on defense counsel's Motion for Hearing on Defendant's Competency.  At the hearing, over defendant's objection, the Court granted defense counsel's Motion for Hearing on Defendant's Competency, requested that the government prepare an order requesting that defendant be evaluated for competency, and determined that good cause existed for defense counsel's requested continuance of the trial date based on the time necessary to conduct a psychiatric evaluation of defendant, have a report prepared of that psychiatric evaluation, and then hold a hearing on defendant's competency. Accordingly, this Court continued the trial for 90 days from the existing trial date of July 14, 2009, based on an estimate of how long both the mental competency evaluation and memorialization of those findings in a written report would take.  This Court also took under submission Defendant's Ex Parte Application to Relieve Defense Counsel and Designate Defendant Pro Se pending resolution of the issue of defendant's competency.

    21.  On June 17, 2009, this Court issued a written order that, pursuant to 18 U.S.C. § 4241(b), defendant undergo a mental

competency evaluation, and that a report of that evaluation be filed with the Court pursuant to 18 U.S.C. § 4247(c). This Court also ordered a hearing, pursuant to 18 U.S.C. § 4247(d), to take place within 30 days of the date the report of the results of defendant's mental competency evaluation is filed with this Court.

22. On July 13, 2009, this Court issued an order finding the time period from July 14, 2009, through October 13, 2009, inclusive, to be excludable time pursuant to 18 U.S.C. §§ 3161(h)(1)(A) (delay resulting from any proceedings or examinations to determine defendant's mental competency), 3161(h)(1)(D) (delay resulting from any pretrial motion, from the filing of the motion until prompt disposition), and 3161(h)(7)(A) and (h)(7)(B)(iv) (delay resulting from the reasonable time necessary for effective preparation).

23. On or about September 30, 2009, the Warden at the Metropolitan Detention Center requested an extension of time to October 23, 2009, to prepare and issue the report of defendant's competency evaluation.

24. On October 15, 2009, this Court issued an order finding the time period from October 13, 2009, through November 20, 2009, inclusive, to be excludable time pursuant to 18 U.S.C. §§ 3161(h)(1)(A) (delay resulting from any proceedings or examinations to determine defendant's mental competency), and 3161(h)(1)(D) (delay resulting from any pretrial motion, from the filing of the motion until prompt disposition).

25. On November 2, 2009, the Court held a status conference during which the parties received and reviewed copies of the

1  report of defendant's competency evaluation from MDC which found
2  defendant competent to stand trial.  The Court accordingly found
3  defendant competent to represent himself and after making inquiry
4  pursuant to <u>Faretta v. California</u>, 422 U.S. 806 (1975), granted
5  defendant's previously filed Ex Parte Application to Relieve
6  Defense Counsel and Designate Defendant Pro Se.  Defendant then
7  advised the Court that he was prepared to file various motions to
8  dismiss the indictment after the hearing, and intended to file a
9  motion to suppress the evidence and a motion to exclude certain
10 evidence the following week.  The Court therefore set the
11 following motions briefing and hearing schedule:
12         a.   Defendant's motions to dismiss to be filed
13 November 2, 2009; government's oppositions to be filed on or
14 before November 13, 2009; defendant's replies to be filed on or
15 before November 20, 2009; hearing on the motions to be held
16 November 30, 2009 at 12:00 noon.
17         b.   Defendant's motion to suppress and motion to
18 exclude to be filed by November 12, 2009; government's
19 oppositions to be filed on or before November 23, 2009;
20 defendant's replies to be filed on or before November 30, 2009;
21 hearing on the motions to be held December 8, 2009, at 1:00 p.m.
22         c.   Following the status conference, the Court
23 accepted and filed the following motions from defendant:
24 (1)  Defendants [sic] Motion to Dismiss for Denial of Assistance
25 of Counsel and Government Intrusion; (2)  Defendant's Motion to
26 Dismiss for Violation of the Speecy [sic] Trial Act and the Sixth
27 Amendment of the United States Constitution; (3)  Defendant's
28

7

Motion to Dismiss for Pre Indictment Delay; and (4) Defendants [sic] Motion for Return of Personal Property (Rule 41(e)).[1]

26. Following the status conference, the Court also subsequently appointed Charles Kelly Kilgore as standby counsel.

27. On or about November 12, 2009, defendant filed the following motions: (1) Motion of Defendant to Suppress Evidence; (2) Motion to Compel Production of All Brady and Giglio Materials; and (2) Motion to Compel Production of All Henthorn Materials. The hearing was noticed for December 8, 2009.

28. On or about November 16, 2009, this Court issued an order finding the time period from November 20, 2009, through December 8, 2009, inclusive, to be excludable time pursuant to 18 U.S.C. § 3161(h)(1)(D) (delay resulting from any pretrial motion, from the filing of the motion until prompt disposition).

29. On or about November 17, 2009, defendant filed the following motions: (1) Motion for Discovery of Superior Court of California Case Transcripts and Materials; (2) Motion for Discovery of Investigation Materials; (3) Motion for an Order to Deliver Grand Jury Transcripts to the Defendant; (4) Motion for Discovery of Search Warrant Activities, Execution and Returns; and (5) Motion for Discovery of Childrens [sic] Family Services Case Materials. By Minute Order, the Court set a hearing on the

---

[1] Defendant also filed an Ex Parte Application for Extra Law Library Access at the Metropolitan Detention Center (MDC) in Los Angeles, and an Ex Parte Application to Transport Defendant from MDC at 7:30AM to Court and Return to MDC at Earliest Hour During Trial, both of which this Court resolved without government response in a minute order entered on November 12, 2009. (CR 200).

motions for January 4, 2010.

30. On or about November 18, 2009, defendant filed an <u>Ex Parte</u> Application for an Order Directing Former Defense Counsel to Deliver Defense Case to the Defendant, and a Motion to Disclose Limitations on Partial Waiver of Attorney-Client Privilege and Disclosure. By Minute Order, the Court set a hearing on both filings for January 4, 2010.

31. On November 30, 2009, the Court held a hearing on the motions filed by defendant on or about November 2, 2009, specifically: (1) Motion to Dismiss for Denial of Assistance of Counsel and Government Intrusion; (2) Motion to Dismiss for Violation of the Speecy [sic] Trial Act and the Sixth Amendment of the United States Constitution; (3) Motion to Dismiss for Pre Indictment Delay; and (4) Motion for Return of Personal Property (Rule 41(e)). The Court orally denied all of defendant's motions and issued a written ruling the same day.

32. At the November 30, 2009, motions hearing, defendant orally requested that his standby counsel, Mr. Kilgore, be appointed as co-counsel in his case. On December 2, 2009, the Court granted defendant's request. (CR 230).

33. On or about December 8, 2009, the Court held a hearing on the motions filed by defendant on or about November 12, 2009, specifically: (1) Motion of Defendant to Suppress Evidence; (2) Motion to Compel Production of All <u>Brady</u> and <u>Giglio</u> Materials; and (3) Motion to Compel Production of All <u>Henthorn</u> Materials.

    a. The Court orally denied the <u>Brady/Giglio</u> and <u>Henthorn</u> motions without prejudice.

1    b.   The Court then continued the hearing on
2 defendant's suppression motion to January 4, 2010 at 3:00 p.m.,
3 due to defendant's belated request that an additional law
4 enforcement officer be in attendance at the hearing.
5    c.   At the conclusion of the hearing, defendant
6 indicated that he had recently filed another motion to dismiss
7 the indictment.  The Court then set the following briefing and
8 hearing schedule:  government's opposition to be filed on or
9 before December 17, 2009; defendant's reply to be filed on or
10 before December 31, 2009; hearing on the motion to be held
11 January 4, 2010 at 3:00 p.m.
12    34.  Based on the foregoing and for good cause shown, the
13 Court hereby finds and orders that:
14    a.   Trial in this matter is continued from December 8,
15 2009 to March 9, 2010, at 9:30 a.m.
16    b.   A final pre-trial status conference and hearing on
17 motions <u>in limine</u> is set for February 22, 2010, at 1:30 p.m.
18    c.   For the purpose of computing time under the Speedy
19 Trial Act, 18 U.S.C. § 3161 <u>et seq.</u>, within which trial must
20 commence, the time period from December 8, 2009, through and
21 including January 4, 2010, is excludable pursuant to 18 U.S.C.
22 § 3161(h)(1)(D) (delay resulting from any pretrial motion from
23 filing through hearing or prompt disposition).
24    d.   For the purpose of computing time under the Speedy
25 Trial Act, 18 U.S.C. § 3161 <u>et seq.</u>, within which trial must
26 commence, the time period from January 5, 2010, through and
27 including March 9, 2010, is excludable pursuant to 18 U.S.C.
28 §§ 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), and (h)(7)(B)(iv).

The ends of justice served by continuing the trial outweigh the best interest of the public and defendant in a trial within the date originally prescribed by the Speedy Trial Act because:

    i. A failure to grant the continuance would result in a miscarriage of justice.

    ii. A continuance of the trial date to March 9, 2010, is necessary to enable defendant, now acting <u>pro se</u>, to have the opportunity to receive and review his own full set of the discovery in this case (excluding those materials that he is prohibited from possessing pursuant to 18 U.S.C. §§ 3509(d) and (m)), which defendant has repeatedly insisted is necessary in order to adequately prepare for trial.

    iii. A continuance of the trial date to March 9, 2010, is also necessary to allow defendant and his recently appointed co-counsel the reasonable time necessary for effective preparation for pretrial proceedings and trial itself, taking into account the exercise of due diligence. More specifically, Mr. Kilgore, whom the Court appointed as co-counsel for defendant on December 2, 2009, at defendant's request, needs sufficient time to conduct his own review of the facts and evidence in this case, including evidence that is subject to the restrictions set forth in the Adam Walsh Act, to adequately prepare for trial. In addition, defendant has indicated that he intends to seek funds for a defense investigator and to apply for subpoena(s) for materials that are in the possession of state agencies.

///
///
///

35. This Court also finds that nothing in this order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which trial must commence.

IT IS SO ORDERED.

DATED: December 14 , 2009

_____
HONORABLE CHRISTINA A. SNYDER
United States District Judge

Presented by:

_____/s/_____
KAREN I. MEYER
ELIZABETH R. YANG
Assistant United States Attorneys