O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CARL STEPHEN TISTHAMMER | Case No. 2:14-CV-00271 CAS |
| Plaintiff, | Criminal Case No. 2:08-CR-00057-CAS-1 |
| vs. | MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO |
| UNITED STATES OF AMERICA. | 28 U.S.C. § 2255. |
| Defendant. | |

## I. INTRODUCTION AND PROCEDURAL BACKGROUND

On January 16, 2008, the Government filed an indictment charging Carl Stephen Tisthammer with production and possession of child pornography, in violation of 18 U.S.C. §§ 2251(a) and 2252A(a)(5)(B). 2:08-cr-00057-CAS-1 ("Criminal Case"), dkt. 9. On March 7, 2008, the Government filed a first superseding indictment. Criminal Case, dkt. 18. On January 23, 2009, the Government filed a second superseding indictment, adding a charge for receipt of child pornography, in violation of 18 U.S.C. § 2251(b). Criminal Case, dkt. 123.

At various times, the Court appointed seven different trial attorneys and one appellate attorney to represent Tisthammer. See Criminal Case, dkts. 26, 43, 45, 77, 115, 200, 421. Prior to trial, Tisthammer filed a number of motions, including motions

to dismiss the indictments based upon the purported denial of assistance of counsel, violations of the Speedy Trial Act, and violations of the Sixth Amendment, Criminal Case dkts. 193–95; motions to compel the production of evidence, Criminal Case dkts. 205–07; a motion to suppress evidence obtained from a purportedly unlawful search, Criminal Case dkt. 207; and a motion to compel certain discovery, Criminal Case, dkt. 264. Each of the foregoing motions was denied. See Criminal Case dkts. 227, 236, 275, 300.

On March 19, 2010, after a jury trial, Tisthammer was convicted for the production, receipt, and possession of child pornography, in violation of 18 U.S.C. §§ 2251(b), 2252A(a)(2)(A), and 2252A(a)(5)(B). Criminal Case, dkt. 326. On September 2, 2010, the Court sentenced Tisthammer to 35 years in prison. Criminal Case, dkt. 385. On March 25, 2010, Tisthammer filed a motion for judgment of acquittal or, in the alternative, for a new trial. Criminal Case, dkt. 336. On September 2, 2010, the Court denied Tisthammer's motion. Criminal Case, dkt. 384. On September 8, 2010, Tisthammer appealed his conviction and sentence. Criminal Case, dkt. 383. On June 20, 2012, the Ninth Circuit affirmed Tisthammer's conviction and sentence. Dkt. 30, Ex. B.

On January 13, 2014, Tisthammer filed the instant motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255. Dkt. 1. On February 3, 2014, Tisthammer filed an accompanying memorandum. Dkt. 3 ("Mot."). On February 1, 2015, the Government filed its opposition. Dkt. 30 ("Opp'n"). On July 27, 2015, Tisthammer filed a reply. Dkt. 55 ("Reply").

## II. LEGAL STANDARD

A prisoner may move the court which imposed his sentence to vacate, set aside or correct the sentence if he can show "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255(a). A § 2255

motion may be resolved without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Id. § 2255(b).

## III. DISCUSSION

In his § 2255 motion, Tisthammer argues that relief is warranted because of (1) actual innocence, (2) ineffective assistance of counsel, and (3) several other purported problems with the evidence and the Government's prosecution of the case. The Court addresses each of Tisthammer's arguments in turn.

### A. Actual Innocence

Tisthammer contends that he is entitled to § 2255 relief because he is actually innocent. Mot. at 10. "[A]ctual innocence means factual innocence, not mere legal insufficiency" of the evidence. *Bousley v. United States,* 523 U.S. 614, 623 (1998). "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Id. (quotation marks and citation omitted).

Tisthammer does not contend that there is evidence proving his innocence. Instead, Tisthammer argues that the filing of multiple superceding indictments is proof of his actual innocence. Mot. at 5. Tisthammer's argument is unpersuasive. "An original indictment remains pending until dismissed and multiple indictments may simultaneously be pending against the same defendant in the same case." United States v. Hickey, 580 F.3d 922, 929 (9th Cir. 2009) (quotation marks and citations omitted).

Ultimately, Tisthammer was convicted of all charges contained in the second superseding indictment. That the other pending indictments were dismissed merely ensured that no remaining charges were pending against defendant after his convictions. Moreover, Tisthammer does not allege any new facts that would establish his innocence of the charges in the second superseding indictment. In ruling upon Tisthammer's motion for judgment of acquittal after the jury trial, Criminal Case dkt. 336, the Court observed that the evidence presented at trial demonstrated that Tisthammer exercised

dominion and control over a computer containing child pornography and that Tisthammer produced, received, and possessed the child pornography, <u>id.</u> dkt. 384. Accordingly, Tisthammer is not entitled to § 2255 relief because of actual innocence.

### B. Ineffective Assistance of Counsel

Ineffective assistance of counsel constitutes a violation of the Sixth Amendment right to counsel, and is, therefore, grounds for relief under § 2255. To establish ineffective assistance of counsel, a petitioner must prove by a preponderance of the evidence that: (1) counsel's assistance was deficient because it fell below an objective standard of reasonableness and (2) counsel's assistance was prejudicial because there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. <u>Strickland v. Washington</u>, 466 U.S. 668, 688, 694 (1984). It is the petitioner's burden to establish both prongs. <u>Id.</u> at 697; <u>United States v. Quintero-Barraza</u>, 78 F.3d 1344, 1348 (9th Cir. 1995).

First, Tisthammer argues that his trial counsel was ineffective because Tisthammer's attorneys did not challenge the validity of the search warrant or seek to suppress the evidence obtained with the search warrant. Mot. at 10; Reply at 6. Tisthammer's argument is unpersuasive. Tisthammer himself filed a motion to suppress evidence obtained from an unlawful search, arguing that the affidavit for the search warrant contained misleading omissions and could not support probable cause. Criminal Case, dkt. 207. After an evidentiary hearing, the Court denied Tisthammer's motion to suppress because Tisthammer failed to identify specific information omitted from the affidavit that purportedly misled the magistrate judge in finding probable cause; thus, Tisthammer failed to show that the search warrant affidavit lacked probable cause. Criminal Case, dkt. 275. The Court's ruling shows that Tisthammer's challenge was without merit. "The failure to raise a meritless legal argument does not constitute ineffective assistance of counsel." <u>Shah v. United States</u>, 878 F.2d 1156, 1162 (9th Cir. 1989) (quotation marks and citation omitted). Therefore, Tisthammer's counsel did not

provide deficient assistance for failing to pursue challenges to the search warrant and the evidence obtained with the search warrant. Moreover, Tisthammer has not put forth any evidence of a reasonable probability that the outcome of the proceeding would have been different, but for counsel's failure to challenge the evidence obtained with the search warrant. Tisthammer challenged the search himself and his motion was denied. Criminal Case, dkts. 207, 275. Since Tisthammer can show neither deficiency nor prejudice, it does not appear that Tisthammer's counsel was ineffective for failing to challenge the Government's search.

Next, Tisthammer alleges that his counsel was ineffective because his attorneys failed to object to "defective indictments." Mot. at 10. Tisthammer does not specify how the indictments were defective, but appears to argue in a conclusory fashion that the indictments were fraudulent and ran afoul of time requirements. Mot. at 12, 11. Tisthammer's arguments are unpersuasive. Aside from his unsupported allegations of fraud and time requirements violations, Tisthammer fails to put forth evidence that counsel's actions were was unreasonable and therefore deficient. Tisthammer also does not establish a reasonable probability that, but for counsel's failure to challenge the indictment, the result of the proceedings would have been different. Accordingly, Tisthammer was not denied his right to effective assistance of counsel based on his attorneys' purported failure to challenge the indictments.

Tisthammer further argues that his trial counsel was ineffective because his attorneys failed to investigate evidence favorable to Tisthammer. Mot. at 10. Tisthammer alleges that his counsel failed to investigate false charges, to interview various law enforcement officers whom Tisthammer claims were untruthful, or other witnesses. Mot. at 4, 17. Tisthammer fails to specify which witnesses his counsel failed to interview or any evidence that his counsel failed to investigate. Thus, Tisthammer's broad and conclusory allegations do not entitle him to relief. See Wallace v. United States, 457, F. 2d 547, 548 (9th Cir. 1972) (affirming the district

court's denial of § 2255 relief, where petitioner failed to assert "sufficient particulars" and instead stated "a bald conclusion in the form of a self-serving statement") (citations omitted); United States v. Aguero, 534 F. Supp. 486, 487-88 (N.D. Cal. 1982) ("While the Court does not require allegations in minute detail in post-conviction petitions, purely conclusory allegations will not suffice.") (citing Peabody v. United States, 394 F.2d 175, 177 (9th Cir. 1968)). Likewise, Tisthammer has not shown how counsel's failure to seek out additional witnesses or evidence was prejudicial. Tisthammer made similar arguments in his pretrial motions, which the Court denied because Tisthammer failed to specify the evidence he sought to compel. See Criminal Case, dkts. 205–07, 264, 236, 300. Accordingly, it does not appear that Tisthammer's attorneys failed to investigate favorable evidence.

Next, Tisthammer avers that his counsel was ineffective because Tisthammer's attorneys did not challenge Speedy Trial Act violations stemming from the multiple continuances in the case. Mot. at 6, 10. However, Tisthammer filed a motion to dismiss the second superseding indictment for violations of the Speedy Trial Act and the Sixth Amendment himself. Criminal Case, dkts. 193–94. The Court denied Tisthammer's motion to dismiss, concluding that all the continuances were factually supported and necessary to ensure that Tisthammer's counsel had enough time to prepare an adequate defense. Criminal Case, dkt. 227 at 4, 6. Tisthammer has not demonstrated that the Court erred in its ruling. That the Court denied Tisthammer's motion to dismiss on speedy trial grounds demonstrates that his counsel's failure to assert the same argument was not unreasonable. See Shah, 878 F.2d at 1162. Likewise, Tisthammer has not shown a reasonable probability that the outcome of the proceeding would have differed if his counsel had objected to purported speedy trial violations. Since Tisthammer failed to establish deficiency and prejudice, it does not appear that Tisthammer was denied his right to effective assistance of counsel because his attorneys failed to challenge purported Speedy Trial Act violations.

Tisthammer further claims he was "forced" to proceed pro se. Mot. at 10. The Court disagrees. The Court appointed seven trial attorneys and one appellate attorney to represent Tisthammer over the course of the proceedings. See Criminal Case, dkts. 26, 43, 45, 77, 115, 200, 421. The criminal docket also reflects that where Tisthammer appeared pro se, he *requested* to appear pro se and either fired his attorney or replaced his attorney with stand-by counsel. See Criminal Case, dkts. 58, 161, 341. Therefore, Tisthammer was not denied his right to effective assistance of counsel.

Finally, Tisthammer argues ineffective assistance of counsel based on his counsel's failure to seek bond pending trial. Mot. at 21. The Court disagrees. Contrary to Tisthammer's assertion, Tisthammer's attorney Larry Bakman appealed the magistrate's detention decision and sought pre-trial release. Criminal Case, dkt. 98. The Court denied this motion. Criminal Case, dkt. 120. Tisthammer asserts that had he been released on bond, he could have helped counsel investigate evidence or witnesses. Mot. at 21. However, Tisthammer offers no factual evidence to support this assertion. Tisthammer fails to demonstrate how being denied pre-trial release on bond was prejudicial to his case. Nor does Tisthammer demonstrate that Bakman's efforts were unreasonable.

In light of the foregoing, it does not appear that Tisthammer was denied effective assistance of counsel.

### C. Miscellaneous Other Arguments

Tisthammer makes the following additional arguments as to why he is entitled to § 2255 relief: (1) that the search warrant was improperly issued and executed; (2) that Tisthammer was denied access to witnesses (Mot. at 5, 8, 15); (3) that Tisthammer's daughter was "interrogated" without a parent or lawyer present (Mot. at 5, 23); (4) that the Court erred by permitting the Government to present "prejudicial excerpts" (Mot. at 9); (5) that the second superseding indictment was defective (Mot. at 10, 11, 14, 15, 17, 20, 21, 24); (6) that the Court erred by denying Tisthammer's motion for judgment of

acquittal (Mot. at 15); and (7) that the Government engaged in selective prosecution (Mot. at 19).[1] The Government argues that Tisthammer procedurally defaulted on these claims because Tisthammer did not raise them on direct appeal. Opp'n at 15.

A § 2255 movant who fails to raise his claims on direct appeal procedurally defaults on his claims, unless he can demonstrate either (a) cause and prejudice, or (b) actual innocence. Bousley, 523 U.S. at 622. The Court has already concluded that Tisthammer has not demonstrated actual innocence. See supra Part III.A.

Courts have found cause where "some objective factor external to the defense impeded counsel's efforts to comply with the . . . procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). For instance, courts have found cause where "a showing that the factual or legal basis for a claim was not reasonably available to counsel" and where "some interference by officials made compliance impracticable." Id. (quotation marks and citations omitted). Constitutionally ineffective assistance of counsel may also constitute cause; nonetheless, "the mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default." Id. at 488, 486. In addition to cause, petitioner must show prejudice. Bousley, 523 U.S. at 622. "[T]he prejudice prong of the test requires demonstrating not merely that the errors at . . . trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." United States v. Braswell, 501 F.3d 1147, 1150 (9th Cir. 2007) (quotation marks and citation omitted).

---

[1] In addition, Tisthammer argues that he is entitled to § 2255 relief because the Court applied improper sentencing enhancements. Mot. at 16. Tisthammer already raised this argument on direct appeal. Dkt. 30, Ex. A at 44–50. "When a defendant has raised a claim and has been given a full and fair opportunity to litigate it on direct appeal, that claim may not be used as basis for a subsequent § 2255 petition." United States v. Hayes, 231 F.3d 1132, 1139 (9th Cir. 2000). Therefore, the Court need not reconsider the applicable sentencing enhancements.

Here, Tisthammer does not argue that an "objective external factor" prevented him from raising his remaining arguments during his direct appeal. See Reply at 13. Instead, Tisthammer contends that that he failed to raise the claims because he is an "amateur court appellant and Petitioner," who "cannot be expected to present legally expert opinions." Reply at 13. Tisthammer's contention is unpersuasive. As an initial matter, Tisthammer was represented by counsel during his direct appeal. Dkt. 30, Ex. A at 1. Tisthammer has not demonstrated ineffective assistance of counsel or adequate cause for failing to raise his remaining arguments during his direct appeal. Therefore, Tisthammer fails to demonstrate cause for procedurally defaulting on his claims.

Accordingly, the Court concludes that Tisthammer's remaining arguments do not entitle him to § 2255 relief

### D. Evidentiary Hearing

The Government contends that Tisthammer's motion does not require an evidentiary hearing because the files and the record conclusively show that Tisthammer is not entitled to § 2255 relief, even assuming the truth of Tisthammer's factual allegations. Opp'n at 25–26. In deciding whether a § 2255 movant is entitled to an evidentiary hearing, district courts must determine whether, accepting the truth of the movant's factual allegations, the movant could prevail on his claim. See United States v. Blaylock, 20 F. 3d 1458, 1465 (9th Cir. 1994); § 2255(b)–(c). However, it is well established in the Ninth Circuit that a § 2255 movant is not entitled to a hearing where the § 2255 motion makes only "conclusory allegations, unsupported by facts and refuted by the record." Farrow v. United States, 580 F.2d 1339, 1360-61 (9th Cir. 1978).

The record lends no support to Tisthammer's allegations. Tisthammer has not put forth any factual basis for his claims of actual innocence and ineffective assistance of counsel. Furthermore, Tisthammer has procedurally defaulted on his remaining arguments and the Court need not determine whether Tisthammer would be entitled to an evidentiary hearing if said arguments had a factual basis.

Accordingly, the Court concludes that Tisthammer's § 2255 motion does not require an evidentiary hearing

## IV. CONCLUSION

Tisthammer's motion pursuant to 28 U.S.C. § 2255 is **DENIED**.

IT IS SO ORDERED.

Dated: December 27, 2016

_____
CHRISTINA A. SNYDER
United States District Judge

O:\CAS\ECF Ready\Tisthammer 2255 FINAL.wpd

10