O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 2:08-cr-00057-CAS |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| v. | ) | |
| | ) | |
| CARL STEPHEN TISTHAMMER, | ) | |
| | ) | |
| Defendant. | ) | |

## I.  INTRODUCTION AND BACKGROUND

Presently before the Court is petitioner Carl S. Tisthammer's ("Tisthammer") "Request This Honorable Court Order An Investigation By the Office of Professional Responsibility To Document Government Fraud On The Court," which Tisthammer filed on June 13, 2019. Dkt. 560 ("Mot."). The government filed an opposition on August 9, 2019. Dkt. 566 ("Opp."). Tisthammer filed a reply on September 12, 2019. Dkt. 570 ("Reply").

On March 19, 2010, after a jury trial, Tisthammer was convicted for the production, receipt, and possession of child pornography, in violation of 18 U.S.C. §§ 2251(b), 2252A(a)(2)(A), and 2252A(5)(B). Dkt. 326. Tisthammer filed a motion for a judgment of acquittal or, in the alternative, for a new trial, dkt. 336, which the Court denied on

September 2, 2010, dkt. 384. The Court thereafter sentenced Tisthammer to a term of 35 years in prison. Dkt. 385.

Tisthammer appealed his conviction and sentence to the United States Court of Appeals for the Ninth Circuit on September 8, 2010. Dkt. 383. The Ninth Circuit affirmed Tisthammer's conviction and sentence on June 20, 2012. Dkt. 474.

On January 13, 2014, Tisthammer filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, based on grounds including actual innocence, ineffective assistance of counsel, and other miscellaneous bases related to the government's investigation and prosecution. Dkt. 482. The Court denied Tisthammer's motion on December 27, 2016, concluding that Tisthammer was entitled to neither Section 2255 relief nor an evidentiary hearing. Dkt. 558.

## II. DISCUSSION

The gravamen of Tisthammer's motion is that "[t]here remains concealed information, forensic reports, transcripts of individuals on the unconstitutionally denied defense witness list that must be disclosed." Mot. at 1. According to Tisthammer, "[t]his is a case of egregious government misconduct and the government should have dismissed the indictment itself, along with the Speedy Trial violations." Id. at 2. Tisthammer therefore requests that "the Office of Professional Responsibility conduct an investigation and report the results to the district court[.]" Reply at 3.

The Court notes that Tisthammer previously filed a Section 2255 motion, dkt. 482, which the Court denied, dkt. 558. Pursuant to Section 2255(h), "[a] second or successive motion must be certified . . . by a panel of the appropriate court of appeals[.]" 28 U.S.C. § 2255(h). "A motion under § 2255 is generally the exclusive remedy for a federal prisoner who seeks to challenge the legality of confinement." Muth v. Fondren, 676 F.3d 815, 818 (9th Cir. 2012). Thus, to the extent that Tisthammer's present motion seeks to challenge the legality of his confinement, the Court concludes that it "is, in fact, a § 2255 motion in disguise." United States v. Washington, 653 F.3d 1057, 1065 (9th Cir. 2011). Tisthammer's present motion is "second or successive" to his earlier Section 2255 motion,

because "the basic thrust or 'gravamen' of the legal claim is the same, regardless of whether the basic claim is supported by new and different legal arguments."[1] Molina v. Rison, 886 F.2d 1124, 1129 (9th Cir. 1989). And, with respect to Tisthammer's present motion, Tisthammer provides no evidence that would indicate that he has sought certification from the Ninth Circuit, therefore precluding the Court from considering the motion. See, e.g., Mendez v. Swain, No. 5:18-cv-00922-RGK-SP, 2019 WL 4740539, at *2 (C.D. Cal. Aug. 22, 2019) ("A prisoner may not bring a second or successive § 2255 motion in district court without first seeking and obtaining certification from a panel of the appropriate court of appeals.") (internal citation and quotation marks omitted).

Tisthammer also requests that the Court "order an investigation by the Department of Justice's Office of Professional Responsibility and their criminal division[.]" Mot. at 1. The Court finds instructive the opinion of the United States Court of Appeals for the Seventh Circuit in In re United States, 398 F.3d 615 (7th Cir. 2005). In that case, a district court authorized federal prosecutors to turn over grand jury materials regarding a criminal defendant to the estate of the defendant's alleged victim for the estate's use in subsequent civil litigation. Id. at 616. After the defendant sought reconsideration of the district court's order authorizing release of the grand jury materials, the matter was transferred to another district judge for review. Id. In evaluating the defendant's request for reconsideration, the reviewing district judge "insisted that everyone, right up to the United States Attorney, be investigated by the Department of Justice's Office of Professional Responsibility, which the judge wanted to report back to him with its findings." Id. at 618. The Seventh Circuit issued a writ of mandamus directing the district judge to cease any investigation into the conduct of the federal prosecutors because "[i]n the rare situations when a prima facie case of criminal contempt has been made out, and the contempt is not committed in the judge's presence (and thus amenable to summary disposition), the judge must turn the matter over

---

[1] The crux of both of Tisthammer's motions is that he was erroneously denied access to evidence and witness lists. Dkt. 482, 560.

to a prosecutor rather than assume an inquisitorial role inappropriate to the Judicial Branch." In re United States, 398 F.3d at 618.

Tisthammer provides no basis for which the Court may order the Department of Justice or its Office of Professional Responsibility to investigate Tisthammer's claims. Indeed, separation of powers principles bar the Court from doing so. See, e.g., Williams v. Reno, 910 F. Supp. 3, 5 (D.D.C. 1995) (denying plaintiff's request for an order directing Attorney General of the United States to investigate claims that two Assistant United States Attorneys engaged in prosecutorial misconduct); Agunbiade v. United States, 893 F. Supp. 160, 163 (E.D.N.Y. 1995) (determining that "[t]he Court lacks authority to grant petitioner the relief he seeks" where plaintiff sought writ that would require the Department of Justice to investigate allegations of prosecutorial misconduct); DeSimone v. U.S. Attorney Gen., No. 88-3409-O, 1988 WL 143668, at *1 (D. Kan. Dec. 9, 1988) (concluding that, in case where plaintiff 'wants the court to compel the Department of Justice, Civil Rights Division, to respond to his complaint of prosecutorial misconduct; . . . We have no authority to compel the Department of Justice to act[.]").

### III. CONCLUSION

In accordance with the foregoing, Tisthammer's motion is **DENIED** in all respects.

**IT IS SO ORDERED.**

DATED: November 22, 2019

CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE