O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,        )   Case No. 2:08-cr-00057-CAS
                                        )
                Plaintiff,             )
              v.                     )
                                        )   **ORDER**
CARL STEPHEN TISTHAMMER,       )
                                        )
              Defendant.          )
                                        )
_____ )

      The Court is in receipt of defendant's motion "challenging Brady v. Maryland violations." Dkt. 579. Defendant asserts that the Court "abridged the defense trial witness list from twenty plus to five without legitimate reason and only because the judge was biased toward defendant." Id. at 1. Accordingly, defendant "submits a formal request to have legal counsel appointed as this matter merits the resources, research and legal knowledge that only a professional, licensed attorney can provide." Id. at 2.

      It is unclear whether defendant intends on bring a petition for habeas relief pursuant to 28 U.S.C. § 2255. To the extent that defendant anticipates bringing a petition for habeas relief, "there is no constitutional right to counsel on habeas." Bonin v. Vasquez, 999 F.2d 425, 429 (9th Cir. 1993). Nonetheless, "a court may exercise its discretion to provide counsel if the court determines that the interests of justice so require." Kiehle v. Ryan, No.

11-cv-00352-PHX-GMSO, 2013 WL 5718949, at *2 (D. Ariz. Oct. 18, 2013) (internal citation and quotation marks omitted).  To determine whether the "interests of justice" favor the appointment of counsel, courts consider factors including, *inter alia*, the petitioner's "likelihood of success on the merits[.]"  Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  At this juncture, defendant fails to satisfy that burden here.

For example, the Court denied defendant's first petition for habeas relief on December 27, 2016.  See Dkt. 558.  To the extent that defendant seeks to bring a habeas petition asserting a Brady violation, the Ninth Circuit has determined that "Brady claims are subject to [the Antiterrorism and Effective Death Penalty Act's] second or successive gatekeeping requirements because the factual predicate supporting a Brady claim existed at the time of the first habeas petition."  Brown v. Muniz, 889 F.3d 661, 668 (9th Cir. 2018) (internal citation and quotation marks omitted).  Defendant has not brought the requisite request for a certificate of appealability necessary for defendant to bring a successive habeas petition.  See Ezell v. United States, 778 F.3d 762, 765 (9th Cir. 2015) ("Under AEDPA, a federal prisoner may not file a second or successive § 2255 petition unless he or she makes a prima facie showing to the appropriate court of appeals that the petition is based on: (1) a new rule, (2) of constitutional law, (3) made retroactive to cases on collateral review by the Supreme Court, (4) that was previously unavailable."); accord United States v. Lopez, 577 F.3d 1053, 1061 (9th Cir. 2009) ("If the petitioner does not first obtain our authorization, the district court lacks jurisdiction to consider the second or successive application.").  Moreover, defendant failed to raise this claim on appeal, and defendant fails to point to any new evidence that would allow defendant to assert this claim now.

Finally, defendant's anticipated motion, based on Brady grounds, is unlikely to succeed for additional reasons, further weighing against the appointment of counsel.  In United States v. Brady, the United States Supreme Court concluded that "the suppression *by the prosecution* of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."  Brady v. Maryland, 373 U.S. 83, 87 (1963) (emphasis

added).  Indeed, defendant appears to challenge, as a <u>Brady</u> violation, the Court's order precluding particular witnesses from testifying during trial—a decision defendant claims was the product of judicial bias.  However, "[a] <u>Brady</u> violation occurs *when the government* fails to disclose evidence materially favorable to the accused."  <u>Tucker v. Guyer</u>, No. 18-cv-00165-M-DLC-JCL, 2019 WL 3976641, at \*2 n.6 (D. Mont. May 2, 2019) (emphasis added).

Because defendant fails to establish that the interests of justice require the appointment of counsel to assist defendant with his anticipated motion, the Court **DENIES** defendant's request.

**IT IS SO ORDERED.**

DATED:  June 22, 2020

*Christine A. Snyde*

CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

-3-